JOSEPH W. OZMER II (*pro hac vice*)
jozmer@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

J. SCOTT CARR (SBN 136706)
scarr@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
515 S, Flower Street, 36th Floor
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Attorneys for Defendants Time Warner Cable Inc. and TWC Administration LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOIS A. MANIGO, ORLANDO GUTIERREZ, PHILIP MARTINEZ, PATRICIA VALLADARES-GALLEGOS, SHANA GILMORE, and WARREN V. NICHOLS, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TIME WARNER CABLE, INC. and TWC ADMINISTRATION LLC,<br><br>Defendants. | CASE NO.: 2:16-cv-06722-JFW-PLA<br><br>Judge John F. Walter (Courtroom 7A)<br><br>**DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Notice of Motion and Motion; Memorandum in Support; Separate Document of Deposition Cites; Declarations of Joseph W. Ozmer II with Deposition Excerpts and Exhibits; Nadine Solis and Dyah Salino with Exhibits*]<br><br>Date: September 25, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 7A<br><br>Pretrial Conference: October 27, 2017<br>Trial Date: November 14, 2017 |

In accordance with Local Rule 56-1, Defendants Time Warner Cable Inc. and TWC Administration ("TWC") hereby submit their Statement of Uncontroverted Facts and Conclusions of Law in Support of their Motion for Summary Judgment against Plaintiffs:

## STATEMENT OF UNCONTROVERTED FACTS

| DEFENDANTS' UNCONTROVERTED FACTS | EVIDENCE IN SUPPORT |
|---|---|
| 1. Plaintiffs' Complaint does not mention pre-shift or post-shift work. | 1. Complaint, D.E. 1, Attachment No. 3. |
| 2. Plaintiffs were not required to remain at their desks for the entirety of their workday. | 2. Deposition of Plaintiff Shana Gilmore ("Gilmore Dep.") 199:13-15.[1] |
| 3. TWC policy dictates that dispatchers are not permitted to work "off the clock" (*i.e.*, work without recording all time worked). | 3. Declaration of Nadine Solis ("Solis Dec.") ¶ 20. |
| 4. It would be a violation of TWC policy for anyone to instruct or encourage any non-exempt employee to work off the clock. | 4. Solis Dec. ¶ 20. |
| 5. No one instructed Plaintiff Valladares-Gallegos to be early, or to load programs or perform other tasks off the clock. | 5. Deposition of Plaintiff Valladares-Gallegos ("Valladares Dep.") 38:15-17, 42:9-15;[2] *See also* Solis Dec. ¶ 21 (stating any |

[1] The Gilmore Deposition excerpts are attached to the Declaration of Joseph W. Ozmer II ("Ozmer Dec.") as **Exhibit 1**. Exhibit 4 from the Gilmore deposition is attached to the Ozmer Dec. as **Exhibit 2**.

[2] The Valladares Deposition excerpts are attached to the Ozmer Dec. as **Exhibit 36**. Exhibits 22 and 23 from the Valladares deposition are attached to the Ozmer Dec. as **Exhibits 37-38**.

| | |
|---|---|
| | such instruction would violate policy). |
| 6. Martinez was not instructed to clock out for the day while he was waiting for other dispatchers to finish their work. | 6. Deposition of Plaintiff Philip Martinez ("Martinez Dep.") 131:21-132:14.[3] |
| 7. Dispatchers were instructed to log into the Kronos timekeeping system before loading other programs. | 7. Deposition of Plaintiff Lois Manigo ("Manigo Dep.") 56:17-23;[4]<br><br>*See also* Solis Dec. ¶ 22 (same). |
| 8. Nichols clocked into Kronos first in the morning, prior to loading other programs, and stated that clocking in was what "you were mainly emphasized on." | 8. Deposition of Plaintiff Warren Nichols ("Nichols Dep.") 91:18-92:23.[5] |
| 9. Martinez's practice was to log into the Kronos timekeeping system first, before loading other programs. | 9. Martinez Dep. 74:6-75:25; |
| 10. The Kronos timekeeping program was the last program Martinez closed at the end of his work day. | 10. Martinez Dep. 74:6-75:25. |
| 11. The supervisors for Manigo, Gutierrez and Nichols were not present at the start of their shifts. | 11. Manigo Dep. 47:11-18;<br><br>Deposition of Plaintiff Orlando Gutierrez ("Gutierrez Dep.") 34:22-25;[6]<br><br>Nichols Dep. 130:7-13, 133:16-22. |

---

[3] The Martinez Deposition excerpts are attached to the Ozmer Dec. as **Exhibit 26**.

[4] The Manigo Deposition excerpts are attached to the Ozmer Dec. as **Exhibit 4**. Exhibits 30-31, 34-35, 38-39, and 42-45 of the Manigo depositions are attached to the Ozmer Dec. as **Exhibits 5-14**, and Exhibits 46, and 56-58 are attached to the Ozmer Declaration as **Exhibits 22-25**.

[5] The Nichols Deposition excerpts are attached to the Ozmer Dec. as **Exhibit 28**. Exhibits 70-74 from the Nichols deposition are attached to the Ozmer Dec. as **Exhibits 29-33**.

[6] The Gutierrez Deposition excerpts are attached to the Ozmer Dec. as **Exhibit 3**.

| | |
|---|---|
| 12. Plaintiffs' supervisors could adjust and correct time entries when they were made aware of an issue that caused work to be done off the clock. | 12. Gilmore Dep. 65:15-18;<br><br>Manigo Dep. 209:14-210:2;<br><br>Martinez Dep. 76:14-23, 111:3-8;<br><br>Gutierrez Dep. 95:7-96:4;<br><br>Valladares Dep. 45:22-46:14;<br><br>Nichols Dep. 118:9-25. |
| 13. Supervisors scheduled rest and meal breaks for Plaintiffs; setting the first rest break for approximately 2 hours into the shift, lunch within the first 5 hours of the shift, and a second rest break approximately 2 hours after returning from lunch. | 13. Nichols Dep. 48:10-54:2 and Ozmer Dec. at Exhibits 29-30;<br><br>Gilmore Dep. 122:3-14, 221:9-222:3;<br><br>Manigo Dep. 217:5-219:25 and Ozmer Dec. at Exhibits 24-25;<br><br>Gutierrez Dep. 114:20-116:2, 116:10-117:3, 119:4-20;<br><br>Martinez Dep: 43:8-20;<br><br>Solis Dec. ¶¶ 6-8;<br><br>Declaration of Dyah Salino ("Salino Dec.") ¶¶ 4-5, 9;<br><br>Deposition of Nadine Solis ("Solis I Dep.") 37:2-25, 41:21-43:8;<br><br>Rule 30(b)(6) Deposition of Nadine Solis ("Solis II Dep.") 120:5-13, 125:12-17.[7] |
| 14. To facilitate timely breaks, TWC instructs dispatchers to enter the "break" or "lunch" auxiliary code ("AUX code") into the phone system as their break is approaching to prevent further calls | 14. Gutierrez Dep. 51:24-52:24, 54:1-10;<br><br>Martinez Dep. 48:14-49:20, 51:14-23;<br><br>Nichols Dep. 148:17-22;<br><br>Gilmore Dep. 160:2-14; |

---

[7] The Solis I Deposition excerpts are attached to the Ozmer Dec. as **Exhibit 34**. The Solis II Deposition excerpts are attached to the Ozmer Dec. as **Exhibit 35**.

| | |
|---|---|
| from coming to that dispatcher. | Solis Dec. ¶ 12;<br>Salino Dec. ¶ 16;<br>Solis I Dep. 66:11-67:11. |
| 15. Supervisors staggered the dispatchers' break schedules to ensure adequate coverage of the phones and thus facilitate compliance with the schedule. | 15. Nichols Dep. 83:21-85:7;<br>Valladares Dep. 70:9-71:5;<br>Solis Dec. ¶ 11;<br>Salino Dec. ¶¶ 6, 9;<br>Deposition of Edith Meyer ("Meyer Dep.") 27:1-28:11.[8] |
| 16. TWC enforced its lawful meal/break policies by monitoring each dispatcher's adherence to their schedule, reminding dispatchers to take their break when they were delayed in taking a scheduled break, coaching Plaintiffs regarding schedule adherence issues during their monthly one-on-one meetings. | 16. Valladares Dep. 51:11-15, 101:9-102:1, 103:4-10, 138:13-24, 144:8-20, 191:4-12 and Ozmer Dec. at Exhibit 37 ("Opportunities") at pp. 419, 423, 427, 429, 434, 440, 455, 458, 462, 464, 468, 472, 474, 478, 484, 489, 491, 498, 502, 506;<br>Martinez Dep. 89:20-90:4, 152:8-13;<br>Gilmore Dep., 121:7-23, 127:6-128:8, 219:13-220:4;<br>Nichols Dep. 125:7-14;<br>Manigo Dep. 177:22-178:22;<br>Gutierrez Dep. 48:18-49:20, 90:18-91:24, 132:5-11;<br>Solis Dec. ¶¶ 13, 16-17;<br>Salino Dec. ¶¶ 4, 9-12 & Exs. 20-21;<br>Solis I Dep. 41:21-43:10. |
| 17. TWC created a financial incentive for timely breaks by implementing | 17. Gilmore Dep. 313:14-314:15; |

[8] The Meyer Deposition excerpts are attached to the Ozmer Dec. as **Exhibit 27**.

| | |
|---|---|
| a bonus system which rewards, *inter alia*, the dispatcher's schedule adherence. | Gutierrez Dep. 90:18-91:24;<br><br>Solis Dec. ¶ 14; Salino Dec. ¶¶ 14-15. |
| 18. Dispatchers must take their breaks outside of the dispatch area. | 18. Gilmore Dep. 185:11-22;<br><br>Nichols Dep. 54:3-6, 110:23-25;<br><br>Martinez Dep. 54:14-19;<br><br>Manigo Dep. 198:24-199:16;<br><br>Gutierrez Dep. 86:10-14;<br><br>Solis Dec. ¶¶ 9-10;<br><br>Salino Dec. ¶¶ 8, 17;<br><br>Solis I Dep. 73:2-24, 140:9-25, 147:7-148:10. |
| 19. Valladares, Nichols, Martinez, Gutierrez and Manigo could not recall ever not taking their lunch break. | 19. Valladares Dep. 144:01-07;<br><br>Nichols Dep. 119:13-21;<br><br>Martinez Dep. 45:24-46:01;<br><br>Gutierrez Dep. 58:2-4;<br><br>Manigo Dep. 36:09-37:22. |
| 20. During an eight-hour shift, Plaintiffs were scheduled for, and regularly took, two rest breaks totaling more than 30 minutes. | 20. Gilmore Dep. 217:21-25, 160:15-19, 187:17-25;<br><br>Manigo Dep. 75:17-20;<br><br>Gutierrez Dep. 51:02-15, 58:17-22;<br><br>Nichols Dep. 73:1-76:11, 93:19-94:16, 97:3-98:22, 99:14-100:05, 101:5-102:11, 103:2-106:15 and Ozmer Dec. at Exhibit 32 ("Break time Avg." and "Time in Break") at pp. 245-46, 248-49, 251-52, 254-55, 257-58, 260-63, 266-68, 270, 274-76, 279, 281, 285, 287, 289, 292-94, 296-97, 299-301, 307, 311, 315, 317, 324, 329;<br><br>Valladares Dep. 104:15-105:22, 124:3- |

| | |
|---|---|
| | 138:21, 144:08-20, 149:11-150:05, 151:06-152:05, 153:03-17, 156:07-157:17, 159:01-08, 160:19-161:18, 163:20-165:5, 171:15-23 and Ozmer Dec. at Exhibit 37 ("Break Time Avg" and "Time in Break") at pp. 419-20, 427-30, 434-36, 439-40, 443, 455-56, 458-59, 462-65, 468, 471-75, 478-79, 481-82, 484, 489-92, 495-96, 498, 500, 502-03, 506. |
| 21. Plaintiffs were scheduled for, and regularly took, more than 30 minutes for lunch every day. | 21. Gutierrez Dep. 58:02-19;<br><br>Gilmore Dep. 217:21-218:12;<br><br>Manigo Dep. 36:09-37:22, 65:12-14;<br><br>Martinez Dep. 45:24-46:01;<br><br>Nichols Dep. 94:17-95:09, 100:21-25, 119:13-21 and Ozmer Dec. at Exhibit 32 ("Time in Lunch") at *e.g.*, pp. 246, 249, 252, 255, 258, 261, 263, 267, 276, 290, 317;<br><br>Valladares Dep. 144:01-07, 142:18-143:09 and Ozmer Dec. at Exhibit 37 ("Time in Lunch") at pp. 428, 430, 435, 439, 449, 452, 456, 459, 463, 465, 471, 473, 479, 482, 485, 490, 492, 496, 500, 503. |
| 22. All of the Plaintiffs were repeatedly coached, in writing, for spending too much time on breaks. | 22. Manigo Dep. 173:17-21, 189:03-07, 190:13-194:09 and Ozmer Dec. at Exhibits 11-14, 22; Solis Dec. ¶ 19 and Exhibit 19 (showing Manigo being coached 5 times for spending too much time on breaks); Salino Dec. ¶ 12 and Exhibit 21 (counseling Manigo for high break time).<br><br>Nichols Dep. 101:7-20 and Ozmer Dec. at Exhibit 32 ("Opportunities" and "Goals for next 30 days") at pp. 260, 266, 268, 274-75, 279, 282-83, 285, 287, 289, 297, 299, 311;<br><br>Valladares Dep. 138:18-21, 156:7-19 |

| | |
|---|---|
| | and Ozmer Dec. at Exhibit 37 ("Opportunities") at pp. 419, 423, 427, 429, 434, 440, 455, 458, 462, 464, 468, 472, 474, 478, 484, 489, 491, 498, 502, 506; Solis Dec. ¶ 19 and Exhibit 15 (noting Valladares was coached 13 times for taking too much time on meal and rest breaks);<br><br>Solis Dec. ¶ 19 and Exhibit 16 (showing Gutierrez being coached 16 times for spending too much time on breaks);<br><br>Solis Dec. ¶ 19 and Exhibit 18 (showing Martinez being coached 4 times for spending too much time on breaks);<br><br>Solis Dec. ¶ 19 and Exhibit 16 (showing Gutierrez being coached 16 times for spending too much time on breaks);<br><br>Solis Dec. ¶ 19 and Exhibit 17 (showing Gilmore being coached 4 times for spending too much time on breaks). |
| 23. Management told Plaintiffs they must comply with their break schedules. | 23. Gutierrez Dep. 48:18-49:20; 132:05-11;<br><br>Gilmore Dep. 114:02-07, 201:16-25, 207:19-208:20, 223:13-21;<br><br>Manigo Dep. 177:22-178:22, 182:14-21;<br><br>Martinez Dep. 152:08-13;<br><br>Nichols Dep. 109:14-22, 125:07-14 and Ozmer Dec. at Exhibit 32 (coached on schedule adherence in "Opportunities" and "Goals for next 30 days") at pp. 292-97, 299, 311, 329;<br><br>Valladares Dep. 51:11-15, 70:09- |

| | |
|---|---|
| | 71:05, 103:4-10;<br><br>Solis Dec. ¶¶ 15-19. |
| 24. Gutierrez decided when to take his break based on his assessment of coverage on the floor, rather than his schedule. | 24. Gutierrez Dep. 129:12-132:11. |
| 25. Gutierrez sometimes did not take breaks despite his supervisor's directive to do so. | 25. Gutierrez Dep. 48:18-49:20. |
| 26. Gutierrez never told anyone he was entitled to a break penalty he did not receive. | 26. Gutierrez Dep. 101:24-102:15. |
| 27. Gutierrez complained that his meal break was too early. | 27. Gutierrez Dep. 120:08-121:07, 126:02-05, 129:12-132:4. |
| 28. Gilmore knew that TWC policy required her to take a timely lunch break. | 28. Gilmore Dep. 114:02-07. |
| 29. TWC was "strict" about requiring adherence to the lunch break schedule. | 29. Gilmore Dep. 201:16-25. |
| 30. There was a "directive" to comply with break schedules. | 30. Gilmore Dep. 207:19-208:20, 223:13-21. |
| 31. Gilmore was evaluated, coached and bonused based on adherence to her schedule. | 31. Gilmore Dep. 121:7-23, 314:01-315:14. |
| 32. Supervisors counseled Gilmore 4 times for taking too much time for rest breaks. | 32. Solis Dec. ¶ 19 and Exhibit 17 . |
| 33. Gilmore chose to take breaks late because she felt there were too many calls coming in. | 33. Gilmore Dep. 123:19-124:02. |
| 34. Manigo complained that her meal break was scheduled too early. | 34. Gutierrez Dep. 66:01-09;<br><br>Salino Dec. ¶ 19. |

| | |
|---|---|
| 35. Manigo was counseled not to take late lunches. | 35. Ozmer Dec. at Exhibit 12 (instructing her to minimize changes to breaks/lunches); Exhibit 13 ("Opportunities" referencing late lunches and instructing "work on not modifying your lunch"). |
| 36. Manigo was coached to avoid missing her break times due to "personal matters." | 36. Manigo Dep. 161:16-25 and Ozmer Dec. at Exhibit 9. |
| 37. Manigo was coached for her failure to manage her breaks and phone effectively. | 37. Manigo Dep. 124:12-16 and Ozmer Dec. at Exhibit 5; Salino Dec. ¶ 12 and Exhibits 20-21. |
| 38. Manigo was told during a one-on-one coaching that she would be scheduled for training to help her "effectively manage her day." | 38. Manigo Dep. 125:24-126:06 and Ozmer Dec. at Exhibit 5. |
| 39. Manigo was repeatedly coached to stop using her personal phone and surfing the internet during her work time. | 39. Manigo Dep. 148:22-150:02; 130:06-131:02 and Ozmer Dec. at Exhibits 6-7. |
| 40. Manigo was coached to minimize her "playing around" and "talking to others" during work time. | 40. Manigo Dep. 153:2-22, 154:23-155:12; 162:22-163:04, and Ozmer Dec. at Exhibits 8, 10. |
| 41. Manigo was coached to make better use of her downtime. | 41. Manigo Dep. 130:06-131:02 and Ozmer Dec. at Exhibit 6. |
| 42. Management told Nichols that he must comply with his break schedule. | 42. Nichols Dep. 109:14-22 and Ozmer Dec. at Exhibit 32 (coached on schedule adherence in "Opportunities" and "Goals for next 30 days") at pp. 292-97, 299, 311, 329. |
| 43. Nichols was formally coached, in writing, to stick to his break schedule. | 43. Nichols Dep. 125:07-14 and Ozmer Dec. at Exhibit 32 (coached on schedule adherence in "Opportunities" and "Goals for next 30 days") at pp. 292-97, 299, 311, 329. |
| 44. Nichols is not aware of any document suggesting dispatchers can take untimely breaks due to | 44. Nichols Dep. 194:24-196:04. |

| | |
|---|---|
| work. | |
| 45. When a supervisor noticed Nichols at his desk when he was supposed to be on break, the supervisor told him to take his break. | 45. Nichols Dep. 122:13-123:18. |
| 46. Nichols was coached for repeatedly surfing the internet during work hours. | 46. Nichols Dep. 61:3-21 and Ozmer Dec. at Exhibits 31, 32 at pp. 264, 289. |
| 47. Nichols decided when to take breaks by observing the floor and taking his break based on his assessment of the coverage of the floor. | 47. Nichols Dep. 135:10-137:24. |
| 48. "Coverage" was not Nichols' job, nor that of other dispatchers. | 48. Nichols Dep. 83:21-85:07. |
| 49. Management emphasized the importance of taking timely breaks to Valladares. | 49. Valladares Dep. 51:11-15, 70:09-71:05. |
| 50. Management monitored Valladares' adherence to her schedule, scored and coached her on her adherence, and would "ding" her if she missed her break by 15 minutes or more. | 50. Valladares Dep. 101:9-102:01, 191:4-12. |
| 51. Valladares was repeatedly coached for failing to adhere to her schedule. | 51. Valladares Dep. 103:4-10 and Ozmer Dec. at Exhibit 37 ("Opportunities") at pp. 419, 423, 427, 429, 434, 440, 455, 458, 462, 464, 468, 472, 474, 478, 484, 489, 491, 498, 502, 506;<br><br>Solis Dec. ¶ 19 and Exhibit 15 (noting Valladares was coached 13 times for taking too much time on meal and rest breaks). |
| 52. Valladares was repeatedly coached to better manage her phone and her time more effectively. | 52. Valladares Dep. 155:4-20 and Ozmer Dec. at Exhibit 37 at pp. 429, 434, 447, 451, 481. |
| 53. Valladares was counseled for mismanaging her time by playing | 53. Valladares Dep. 145:15-148:13, 150:06-151:04 and Ozmer Dec. at |

| | |
|---|---|
| games on her cell phone. | Exhibit 37 at p. 464. |
| 54. Valladares was counseled for mismanaging her time helping her husband during worktime. | 54. Valladares Dep. 145:15-148:13, 150:06-151:05 and Ozmer Dec. at Exhibit 37 at p. 429. |
| 55. Martinez was told he must comply with his break schedule, and was evaluated and coached on his adherence to that schedule. | 55. Martinez Dep. 152:08-13; 47:08-13. |
| 56. If Martinez was late for his meal or rest break, his supervisor would tell him to go. | 56. Martinez Dep. 89:20-90:04. |
| 57. Martinez stated that his reference to a "late" lunch means later than scheduled. | 57. Martinez Dep. 83:23-25. |
| 58. TWC's policy is to pay employees one-hour of additional pay if TWC fails to provide the opportunity for a timely or proper meal or rest break. | 58. Solis Dec. ¶ 5;<br><br>Salino Dec. ¶¶ 18, 21-22;<br><br>Solis I Dep. 43:21-44:12, 160:12-161:5. |
| 59. El Segundo dispatchers – including Plaintiffs – received a total of 1518 break penalty (or premium) payments during the time period relevant to this case. | 59. Ozmer Dec. at ¶ 12 and Exhibit 39. [*See* D.E. 55 (e.g., TWC000683, 695, 742-44, 735-37, 865-69, 921-27)];<br><br>Gilmore Dep. 190:02-191:24 and Ozmer Dec. at Exhibit 2;<br><br>Manigo Dep. 216:19-217:03 and Ozmer Dec. at Exhibit 23 (showing 9 break penalties during single pay period);<br><br>Nichols Dep. 141:11-142:11 and Ozmer Dec. at Exhibit 33;<br><br>Valladares Dep. 176:17-179:12 and Ozmer Dec. at Exhibit 38. |
| 60. TWC's Kronos timekeeping system automatically added the meal penalty if a Plaintiff did not clock out for lunch by the end of their | 60. Solis Dec. ¶¶ 5-6;<br><br>Salino Dec. ¶ 18; |

| | |
|---|---|
| fifth hour of work. | Solis I Dep. 153:3-5; Meyer Dep. 62:9-13. |
| 61. Dispatchers are required to inform management if they cannot adhere to their schedule, including the reason for any noncompliant break. | 61. Gilmore Dep. 135:25-136:7; Meyer Dep. 117:11-23, 120:9-121:25. |
| 62. Plaintiffs did not wait to file their lawsuit until 60 days after they sent their PAGA letter to the LWDA. | 62. Complaint, D.E. 1, Attachment No. 3; Ozmer Dec. at Exhibit 40 (PAGA letter). |
| 63. Plaintiffs' Complaint and PAGA letter reflect only filing by certified mail, but not electronic filing. | 63. Complaint, D.E. 1, Attachment No. 3 at ¶ 88; PAGA letter. |

## CONCLUSIONS OF LAW

| DEFENDANTS' CONCLUSIONS OF LAW | EVIDENCE IN SUPPORT |
|---|---|
| 64. Plaintiffs' Complaint does not set forth any claim for unpaid overtime based on pre- or post-shift off-the-clock work. | 64. SUF ¶ 1. |
| 65. Plaintiffs' overtime claim fails as a matter of law because they cannot oppose summary judgment with a claim not set forth in their complaint. | 65. SUF ¶ 1. |
| 66. Plaintiffs' overtime claims fail because Defendants did not suffer or permit any off-the-clock work. | 66. SUF ¶¶ 2-12. |
| 67. Plaintiffs' wage and rest break claims fail as a matter of law because undisputed facts preclude | 67. SUF ¶¶ 13-57. |

| | |
|---|---|
| them from showing that they did not have a reasonable opportunity to take timely and otherwise proper meal and rest breaks. | |
| 68. Plaintiffs' wage and rest break claims fail as a matter of law because they cannot identify any specific occasion on which they were deprived of a reasonable opportunity to take timely and otherwise proper meal or rest break. | 68. SUF ¶¶ 13-57. |
| 69. Plaintiffs' wage and rest break claims fail as a matter of law because they cannot identify any specific occasion on which they were deprived of a reasonable opportunity to take timely and otherwise proper meal or rest break, but were not paid the appropriate meal penalty. | 69. SUF ¶¶ 13-60. |
| 70. Plaintiffs' wage and rest break claims fail as a matter of law because they cannot identify any specific occasion where they informed management that they were deprived of a reasonable opportunity to take timely and otherwise proper meal or rest break, but were not paid the appropriate meal penalty. | 70. SUF ¶¶ 13-61. |
| 71. Plaintiffs' other claims are all derivative of their overtime and meal/rest break claims, and therefore fail along with those claims. | 71. D.E. 49 at 10:22. |
| 72. Plaintiffs' PAGA claim fails for the additional reason that they failed to comply with the statutory prerequisite of electronically filing their PAGA letter with the LWDA. | 72. SUF ¶ 63. |
| 73. Plaintiffs' PAGA claim fails for the additional reason that they failed to comply with the statutory | 73. SUF ¶ 62. |

| | |
|---|---|
| prerequisite that they wait 60 days from filing of their PAGA letter before filing a lawsuit. | |

Dated: August 28, 2017

KABAT CHAPMAN & OZMER LLP

By: *__/s/ Joseph W. Ozmer II________*

J. SCOTT CARR

JOSEPH W. OZMER II

*Attorneys for TWC Time Warner Cable Inc. and TWC Administration LLC*